

FILED & ENTERED

JUN 16 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No: 2:13-bk-22391-WB |
| MARCELLA BOSWELL, | Chapter: 13 |
| | **MEMORANDUM OF DECISION RE MOTION TO DISQUALIFY JUDGE JULIA W. BRAND** |
| Debtor. | [No hearing required] |

    Marcella Boswell, the debtor herein (the "Debtor"), filed a Motion to Disqualify ("Motion") Judge Julia W. Brand ("Judge Brand") from hearing matters in Debtor's chapter 13 bankruptcy case (Case No.13-bk-22391), an adversary proceeding filed against Debtor by Yvette Taylor (Adv. Case No. 13-ap-01811) (the "Taylor Adversary Proceeding"), and an adversary proceeding filed against Debtor by Lawee Development Corp. ("LDC"), Tia Green and Jacob Kay (Adv. Case No. 13-ap-01790) (the "LDC Adversary Proceeding").  This Memorandum of Decision resolves the Motion.  The Court has

carefully evaluated Debtor's contentions of bias and reviewed the Court docket and proceedings in this case. Debtor's contentions are based on Debtor's misinterpretation or mishearing of statements made at hearings or based on the fact that Debtor disagrees with the Court's rulings. They are inadequate to establish bias. The Court finds and concludes that the Motion is not well taken and will be denied for the reasons set forth in this Memorandum of Decision.[1]

Debtor's Motion seeks recusal of a bankruptcy judge from hearing a case. Recusal of a bankruptcy judge is governed by 28 U.S.C. § 455[2], which provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…

28 U.S.C. § 455.

The standard for recusal is an objective one. Judges are required to recuse themselves "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Trotter v. Int'l Longshoremen's & Warehousemen's Union, 704 F.2d 1141, 1144 (9th Cir. 1983). Judges must also be subjectively confident of their ability to be evenhanded. Bernard v. Coyne (In re Bernard), 31 F.3d 842, 844 (9th Cir. 1994); United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). The judge is required "to set aside emotion and thoughtfully examine his ability to impartially 'administer justice without respect to persons.'" Holland, 519 F.3d at 915. On a

---

[1] This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law on this matter. Fed. R. Bankr. P. 9014. A separate order consistent with this decision will be entered in the bankruptcy case and the two adversary proceedings. Fed. R. Bankr. P. 9021.

[2] Debtor also cites 28 U.S.C. § 144 as a basis for recusal. However, that section does not apply to bankruptcy judges. Seidel v. Durkin (In re Goodwin), 194 B.R. 214, 221 (9th Cir. BAP 1996).

2

motion to recuse under section 455, the court is not required to accept as true the factual allegations set forth in the motion. In re Goodwin, 194 B.R. at 222-23.

"[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." Liteky v. United States, 510 U.S. 540, 541 (1994); Blixseth v. Yellowstone Mountain Club, LLC, 742 F.3d 1215, 1220 (9th Cir. 2014); In re Goodwin, 194 B.R. at 224. Indeed, "even if [the judge] erred, that does not constitute bias. A judge may be wrong without being prejudiced." In re Goodwin, 194 B.R. at 224. Similarly, clashes between court and counsel are not grounds for recusal based on bias. U.S. v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006). Nor are expressions of frustration or anger. U.S. v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997).

Debtor filed her chapter 13 case on May 10, 2013. Debtor is represented by counsel in her chapter 13 case. On August 2, 2013, LDC, Tia Green and Jacob Kay filed the LDC Adversary Proceeding against Debtor for non-dischargeability of debt under 11 U.S.C. § 523. Debtor is representing herself in this adversary proceeding. On August 9, 2013, Yvette Taylor filed the Taylor Adversary Proceeding against Debtor for non-dischargeability of debt under 11 U.S.C. § 523. Debtor was initially represented by counsel in this adversary proceeding. Debtor took over her own representation on December 16, 2013.

Debtor asserts that recusal is required for the following reasons:

- Debtor asserts that during a hearing on March 25, 2014, Judge Brand told Debtor: "You are never served. May I suggest you get somewhere where you can get service." Debtor also asserts that Judge Brand instructed the opposing party how to win the case and that Judge Brand would grant a motion for terminating sanctions. Debtor asserts that Judge Brand made these statements in a very angry and irritated manner. During the same hearing on March 25, 2014, Judge Brand warned Debtor that if she continued to litigate in the same manner, an order will be entered preventing Debtor from filing further pleadings without a contact phone number. Debtor asserts that she cannot afford a cell phone and thus Judge Brand discriminated against her for financial reasons.

3

- Debtor asserts that during a hearing on April 22, 2014, Judge Brand made fun of Debtor by asking her if she knew the meaning of the term "mediation." According to Debtor, Judge Brand thinks Debtor is not smart enough and made her the laughing stock of the courtroom.

- During the same hearing on April 22, 2014, Judge Brand told Debtor that her motion for stay pending appeal was not on calendar for that date which, according to Debtor, was not correct. In addition, Judge Brand denied the motion for stay even though the adverse party was not going to oppose the motion based on their belief that the state court judge would not proceed with the litigation while the appeal was pending. Debtor asserts prejudice because the Court ruled on the motion on the merits when no opposition had been filed.

- Debtor asserts that Judge Brand "granted a claim by an unsecured creditor and let such creditor object to my case (Lawee) which she had no valid legal reason to do so, since the case is pending in state court."

- Debtor asserts that Judge Brand "goes out of her way to be friendly towards opposing counsel and treats me very different." During a hearing, Judge Brand mistakenly called opposing counsel "Mr. Lawee." After Debtor responded that Mr. Lawee is dead, opposing counsel made a joke and stated "I'm not deceased." Judge Brand and opposing counsel laughed and Debtor "[did] not find any humor in the death of [her] boss." During another hearing, Debtor asserts that Judge Brand had a joking conversation with opposing counsel about her name being Michelle and her brother's Michael. This is another example of Judge Brand being friendly with others and very rude to Debtor.

- Finally, Debtor states that whenever she appears before Judge Brand, she "gets stressed out and know[s] that no matter how much [she] tries, the judge is going to be mean to [her] and rule against [her]. No one should feel like this before a judge."

The Court will address each of these assertions of bias.

Debtor first asserts bias arising from a hearing held on March 25, 2014 in the LDC Adversary Proceeding. The Court held a hearing on Debtor's Motion to Quash a Subpoena. Debtor objected to the subpoena on the grounds that the proposed deponent was deceased and she was concerned that someone else with the same name might be served with the subpoena and be forced to appear in the case. After argument from both parties, the Court denied the Motion to Quash on the grounds that the subpoena had not been served and on the grounds that Debtor had not established a substantive right to

4

relief.³  The Court entertained inquiry from counsel for plaintiff regarding the upcoming deposition of Debtor scheduled for later that week.  Counsel stated that she could not reach Debtor to confirm that Debtor would appear for her deposition since she did not have a telephone number for Debtor.  Debtor stated that she was unaware of the scheduled deposition, that she had not received the notice of deposition mailed to her at her address of record and that she had never been asked for a phone number. The Court noted that Debtor did not include a telephone number in her pleadings as required by the Local Rules⁴, making it difficult for parties to contact her regarding scheduling matters.  The Court stated that an order would be issued that pleadings would not be accepted from Debtor if she failed to follow the Local Rules.⁵  The Court instructed Debtor to telephone counsel for Plaintiff and to work

---

³ Specifically, the Court held that Debtor did not have standing to challenge the subpoena issued for the deposition of a third-party individual, Jesse Smith, because Debtor had failed to assert a personal right and/or privilege related to the information being sought through the deposition. Malibu Media LLC v. DOES 1-25, 2012 WL 2367555 *2 (S.D. Cal. 2012).  Moreover, the subpoena had not yet been served on any party.  For those reasons, the Court denied Debtor's Motion to Quash.

⁴ LBR 9004-1 – Form of Documents Filed or Lodged with the Court states in pertinent part: "Unless otherwise expressly provided by these rules, a document filed or lodged with the court and any exhibit thereto must comply with the form and format requirements contained in the Court Manual available from the clerk and on the court's website." LBR 9004-1(a)(1). Court Manual, Section 2 – Filing Requirements and Procedures at subsection (c)(3) states in pertinent part:

> If the party is not represented by counsel, the name, address, telephone number, fax number, and e-mail address, if any, of the party presenting the document for filing must be displayed commencing with line 1 at the left margin.

Court Manual Section 2(c)(3)(A).

⁵ The Court notes that the parties have had difficulty communicating with each other since the inception of the case.  The parties have not been able to meet and confer to prepare a joint status report in the LDC Adversary Proceeding since the start of the case.  The Court advised Plaintiff's counsel and Debtor at status conferences held on October 15, 2013 and February 25, 2014 that they are required to file a joint status report under the Local Rules.  To date, the parties have failed to file a joint status report in the LDC Adversary Proceeding and they have continued to file unilateral status conference reports (Docket Nos. 13, 15, 48 & 55).  Counsel for LDC filed Declarations on two occasions setting forth their efforts to meet and confer regarding the filing of a Joint Status Report (Docket Nos. 13 & 56)

cooperatively with Plaintiff to address discovery scheduling matters.  The Court informed Debtor that failure to cooperate in discovery could lead to severe consequences such as motions for sanctions which could include terminating sanctions.  At this point, Debtor informed the court that she did not have a telephone.  The Court concluded the hearing by instructing Debtor to make contact with adverse counsel regarding scheduling matters, to address the issues of receipt of documents served on her at her address of record and to establish a means of communication with counsel for Plaintiff so that she can fulfill her obligation to cooperate on scheduling matters.

Debtor misheard or misconstrued the Court's statements at the hearing.  The Court did not instruct opposing counsel to file a motion for sanctions, and did not instruct counsel on how to win the case; nor did the Court state that it would grant a motion for sanctions.  While the Court did state that an order would be entered prohibiting filings not in conformance with the Local Rules, the Court has not issued such an order and Debtor has continued to file pleadings without providing a contact telephone number.  The Court's statements with respect to the deposition scheduling were made to inform Debtor of the importance of cooperation in discovery scheduling matters and to make sure that she was aware that failure to do so could result in severe adverse consequences.  The Court will address all discovery issues as they arise and will rule on them on the merits based on the facts presented and applicable law.  The Court concludes that a reasonable person with knowledge of the facts would not conclude that the Court's impartiality could reasonably be questioned.  Accordingly, the Court's statements here are not grounds for recusal.

Debtor next asserts bias arising from a hearing on April 22, 2014.  First, Debtor asserts bias because the Court asked Debtor if she was familiar with mediation, contending that the Court made fun of Debtor.  The Court made this inquiry to ensure that Debtor, an unrepresented party, understood the option to proceed by mediation.  When Debtor responded that she was aware of mediation and that she

was not interested in mediation, the Court set a deadline for the completion of discovery, set a pre-trial conference date and informed the parties of their obligation under the Local Rules to file a joint pre-trial conference statement. A reasonable person with knowledge of the facts would not conclude that the Court's inquiry regarding familiarity with mediation demonstrated bias against Debtor.

Debtor's other assertion of bias related to this hearing arises from Debtor's Motion for Stay Pending Appeal of the Court's Order Granting Yvette Taylor's Motion for Relief from Stay to proceed with litigation in a Non-Bankruptcy Forum. Debtor had attempted to schedule the hearing on this motion for April 22, 2014, using the Court's self-calendaring procedures. The Court informed Debtor that this motion was not on the calendar. Debtor appears to challenge the Court's statement that the matter was not on calendar as evidence of bias. However, this matter was not on calendar because Debtor improperly attempted to self-calendar the hearing on a motion on the wrong date and time under the Court's Self-Calendaring Procedures.[6] Because the motion was not on calendar, the Court had not read the motion and was not prepared to rule on the motion. Instead, the Court specially set the motion for hearing on April 29, 2014 at 2:00 p.m., after confirming with both parties, who were present in the

---

[6] Debtor has had difficulty scheduling matters for hearing since her bankruptcy case was filed. The Court has directed Debtor to the Court's website which includes information on calendaring procedures. In addition, the Court has accommodated Debtor's inability to set matters on calendar by specially setting the matters during hearings on unrelated matters. Specifically, at the Status Conference in the LDC Adversary Proceeding on October 15, 2013, Debtor stated that she had filed a motion to dismiss but that it had not been set for hearing. The Court directed Debtor to the Court's website for calendaring procedures and to obtain a hearing date by contacting the Courtroom Deputy. At the January 28, 2014 status conference in the same matter, Debtor indicated that she had another Motion to Dismiss for which she needed a hearing date. The Court specially set that motion for hearing on February 25, 2014. At a hearing on February 25, 2014, Debtor requested that the Court set a hearing on a Motion to Quash. After reviewing the docket, the Court informed Debtor that the Motion to Quash was not on the docket and that Debtor would have to refile it and follow the Court's procedures for scheduling a hearing.

7

courtroom, that they were available for a hearing on that date.  The Court indicated that it would rule on the motion on the merits at that hearing.

Debtor also asserts bias based on the Court's denial of the Motion for Stay Pending Appeal of the Court's Order granting Yvette Taylor's Motion for Relief from Stay.  Debtor failed to appear for this hearing, which had been specially set in court on April 22, 2014, and did not present any argument on the motion.  The Court denied the motion after consideration of the merits.  The Court issued a tentative ruling on the court website one day prior to the hearing indicating the Court's intent to deny the Motion and included the reasons supporting that decision.  The Court denied the motion at the hearing, adopting its tentative ruling, which was then made a part of the Court's order.  Debtor's assertion of bias arises from the fact that the Court ruled on the merits of the motion when there was no opposition.  "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."  Liteky, 510 U.S. at 541; In re Goodwin, 194 B.R. at 224; Blixseth, 742 F.3d at 1220.  "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  Blixseth, 742 F.3d at 1220, citing Liteky, 510 U.S. at 550.  Here, the Court's ruling was based on the merits of the motion.  It does not reveal any favoritism or antagonism as to make fair judgment impossible.

The next assertion of bias arises from the Court's denial of Debtor's Motion to Disallow the Claim of LDC.  According to Debtor, the Court had no valid basis to overrule the objection to the claim because the claim was pending in state court.  Debtor disagrees with the Court's ruling, but this is not a valid basis for recusal.  Debtor was represented by counsel at the hearing.  The LDC Claim was filed in an amount "more than $1 million."  Debtor's plan provided for zero payments to unsecured creditors.  Debtor's counsel said that the claim should be disallowed even though it would not affect the

8

distributions to unsecured creditors because the amount of the claim is unknown at this time (since the amount is to be determined in the pending state court proceeding). Debtor, through counsel, also expressed concern that having a $1 million claim would make her ineligible for chapter 13 relief. Further, Debtor did not want her failure to object to the claim to be perceived as an admission to the amount of the claim. The Court overruled the objection because the amount of the claim would be determined in the state court proceeding pursuant to the Court's order granting relief from the automatic stay. The claim would need to be amended once the amount of the claim was determined.

Further, the Court found that the amount stated in the filed proof of claim did not affect Debtor's eligibility for chapter 13 relief. Eligibility is determined based on Debtor's schedules of assets and liabilities. In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001). The Court will only look beyond the schedules to determine eligibility if the Court finds that Debtor did not act in good faith. Id. Here, the Court entered an order continuing the automatic stay in this case and found that the case was filed in good faith. Further, the Court understood that Debtor strongly disputes the claims asserted by LDC in its filed proof of claim ("Claim") and in the LDC Adversary Proceeding. Thus, the Court could not find any basis for ruling that the Claim would require the Court to look beyond the schedules to determine if Debtor was eligible for chapter 13 relief. The Court overruled the objection based on the merits and not based on any antagonism or bias toward Debtor.

Debtor contends the Court is biased because she is overly friendly to opposing counsel and not to Debtor. The Court has reviewed all of the proceedings in these matters and concludes that this claim has no merit. While this may be the subjective belief of Debtor, the Court concludes that on an objective basis no bias can be found. The Court makes an effort to treat all parties with courtesy and respect. The Court found no evidence of disrespect in this case. Similarly, Debtor asserts that the Court improperly made a statement about Debtor's deceased employer and this caused Debtor distress.

9

The Court surmises that Debtor is referring to a hearing held on November 19, 2013, where the Court requested that Mr. Leight, counsel for LDC, prepare the order on the motion presented at that hearing. Debtor commented that Mr. Lawee could not prepare the order because he was deceased. Debtor misheard the Court's statement. The Court did not make any mention of Mr. Lawee. Further, the fact that Mr. Leight stated that he was not deceased and would prepare the order does not show bias against Debtor on the part of the Court.

Finally, Debtor states that she becomes stressed when she has to appear in court based on her fear that the Judge will be mean to her and will not be fair. While the Court recognizes that the filing and pursuit of a bankruptcy case and the defense of adversary proceedings where you are representing yourself can be extremely stressful and that Debtor may have a subjective perception of bias, this cannot be the basis for recusal. Applying an objective standard, the Court concludes that it can fairly adjudicate these matters without bias toward any party.

The Court has fully and carefully reviewed Debtor's assertions of bias. The Court finds that a reasonable person with knowledge of the facts would not find that the Court has a bias against Debtor impacting the Court's ability to fairly adjudicate matters in which Debtor is involved.

The Court also concludes that it has no personal bias toward Debtor or any parties in these proceedings and has no motive other than to correctly apply the law to the facts of the case. The Court has not prejudged any issues and has the ability to fairly determine the issues in the case and adversary proceedings. The Court has an obligation not to recuse without an adequate basis for doing so. Where, as here, there is no objective basis for concluding that bias exists, it would be improper to recuse. Accordingly, the Motion is denied. The Court will issue orders in the bankruptcy case, the LDC Adversary Proceeding and the Taylor Adversary Proceeding consistent with this Memorandum of Decision.

###

Date: June 16, 2014

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge